# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN FRAZIER, Inmate #104607,<br><br>         Plaintiff,<br><br>vs.<br><br>SAN DIEGO POLICE DEPARTMENT, et al.,<br><br>         Defendants. | Case No.: 3:19-cv-00911-GPC-BGS<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO**<br>**28 U.S.C. § 1915(a)**<br><br>**[ECF No. 3]** |

  Plaintiff Joaquin Frazier, currently incarcerated Caddo Correctional Center in Shreveport, Louisiana, and proceeding pro se, filed a civil right complaint pursuant to 42 U.S.C. § 1983 on May 13, 2019. (*See* Compl., ECF No. 1.) Frazier alleges the San Diego Police Department, Sheriff's Office, and San Diego State Courts violated his constitutional rights by falsely arresting him in San Diego in 2014, and by physically assaulting him while he was held in pretrial custody in 2015. (*Id.* at 4-7.) He seeks $350 million in compensatory and punitive damages. (*Id.* at 8-12.)

## I. Procedural History

  On May 21, 2019, the Court dismissed Frazier's case because he failed to prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), and did not file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). However, the

Court granted Frazier 45 days leave to fix these deficiencies, directed the Clerk of the Court to provide him with its approved form Motion to Proceed IFP, and cautioned that he must "include a certified copy of his prison trust account statements for the 6-month period preceding the filing of his Complaint," as required by 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b). (*See* ECF No. 2 at 3-4.)

On July 5, 2019, Frazier filed a Motion to Proceed IFP (ECF No. 3).

## II. Motion to Proceed IFP

As Frazier now knows, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP remain obligated to pay the entire fee by "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of outcome. *See* 28 U.S.C. § 1915(b)(1) & (2).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, section 1915(a)(2) also requires that prisoners, like Frazier, "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (b)(4). The institution having

custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

While Frazier has now filed a Motion to Proceed IFP, it fails to comply with 28 U.S.C. § 1915(a)(2) because it does not include a certified copy of his trust fund account statements, or an "institutional equivalent" issued by Caddo Correctional Center officials, attesting as to his trust account activity and balances for the 6-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2.b. Without this accounting, the Court remains unable to fulfill its statutory duty to assess the appropriate amount of initial filing fee which may be required to further prosecute Frazier's case. *See* 28 U.S.C. § 1915(b)(1).

## III. Conclusion and Order

Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP (ECF No. 3) is **DENIED** and the action is again **DISMISSED** without prejudice for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

(2) Plaintiff is **GRANTED** an additional opportunity to correct his IFP deficiencies and an additional forty-five (45) days leave from the date of this Order in which to re-open his case by either: (a) paying the entire $400 statutory and administrative filing fee, **or** (b) filing a *renewed* Motion to Proceed IFP, *which must include a certified copy of his prison trust account statements for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).[2]

---

[2] Plaintiff is once again cautioned that if he chooses to proceed either by prepaying the full $400 civil filing fee, or by submitting a renewed and properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays or is obligated to pay filing fees. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621

(3) The Clerk of the Court is **DIRECTED** to provide Plaintiff with one more Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience. If Frazier neither pays the $400 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a certified copy of his trust account statements within 30 days*, this civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: September 9, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").